UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
HISCOX INSURANCE COMPANY INC.,

Plaintiff,

**Case No:**

- against -

**COMPLAINT**

RYC TURBOS CORP.,

Defendant,

JOSE EINER VARGAS SAUCEDO,
RED HOOK BUILDING C OWNER, LLC,
EXPRESS BUILDERS JB INC., PRIME
STRUCTURES, INC., TZIGIL LLC,

Nominal Defendants.
------------------------------------------------------------------x

Plaintiff Hiscox Insurance Company Inc. ("Hiscox"), by and through its undersigned counsel, Kennedys CMK LLP, and in support thereof, states and alleges as follows:

1. This is a declaratory judgment action, brought pursuant to 28 U.S.C. §2201, in which Hiscox seeks a judgment that three insurance policies Hiscox issued to RYC Turbos Corp ("RYC") are rescinded and *void ab initio* due to material misrepresentations RYC made to Hiscox in its policy application.

2. Hiscox issued a commercial general liability policy to RYC under policy number P101.440.054.1, for the policy period of January 23, 2023 to January 23, 2024 (the "First Hiscox Policy"). A copy of the First Hiscox Policy is annexed hereto as **Exhibit A**.

3. Hiscox issued a renewal policy to RYC under policy number P101.440.054.2, for the policy period of January 23, 2024 to January 23, 2025 (the "Second Hiscox Policy"). A copy of the Second Hiscox Policy is annexed hereto as **Exhibit B**.

4. Hiscox issued a second renewal policy to RYC under policy number P101.440.054.3, for the policy period of January 23, 2025 to January 23, 2026 (the "Third Hiscox Policy"). A copy of the Third Hiscox Policy is annexed hereto as **Exhibit C**.

5. Hiscox issued a third renewal policy to RYC under policy number P101.440.054.4, for the policy period of January 23, 2026 to January 23, 2027 (the "Fourth Hiscox Policy"). A copy of the Fourth Hiscox Policy is annexed hereto as **Exhibit D**.

6. The First Hiscox Policy, the Second Hiscox Policy, the Third Hiscox Policy, and the Fourth Hiscox Policy are together referred to herein as the "Hiscox Policies."

7. In its application for the Hiscox Policies, RYC made several materially false representations to Hiscox, which Hiscox relied upon in issuing the Hiscox Policies. RYC stated that its primary type of business of was "project management" and that it did not perform any "general contracting" or "construction management or advice" services. RYC also represented that it did not perform "any design, construction, installation, removal, or physical repair of any property or tangible good." A copy of the application summary is annexed hereto as **Exhibit E**.

8. In fact, RYC does perform general contracting and/or construction management or advice services, which gave rise to at least one claim against it. Hiscox would not have issued the Hiscox Policies had RYC given the correct information on the application, as such facts would have placed RYC out of Hiscox's risk appetite.

9. Hiscox has been made aware that RYC has been named as a third-party defendant in the bodily injury action filed by Jose Einer Vargas Saucedo ("Saucedo") in the Supreme Court of the State of New York, Bronx County, Index No. 811091/2025E (the "Underlying Action").

10. By way of this lawsuit, Hiscox further seeks a declaration that because the Hiscox Policies are rescinded and *void ab initio*, Hiscox does not owe any duty to defend or indemnify RYC or any other purported insured or additional insured with respect to the Underlying Action.

11. Hiscox also seeks a declaration that that because the Hiscox Policies are rescinded and *void ab initio*, Hiscox does not owe any duty to defend or indemnify RYC (or any other purported insured or additional insured) with respect to any prior or future claim, occurrence, or suit that is filed or may be filed in the future.

**PARTIES**

12. Plaintiff Hiscox is an Illinois corporation with its domicile and principal place of business in Chicago, Illinois.

13. Defendant RYC is a New York corporation duly organized and existing under the laws of the State of New York, with its principal place of business in Long Beach, New York.

14. Nominal Defendant Saucedo is an individual citizen of the state of New York, residing in Westchester County.

15. Nominal Red Hook Building C Owner, LLC ("Red Hook") is a limited liability company duly organized and existing under the laws of the State of New York, with its principal place of business located in Westchester County.

16. On information and belief, the sole member of Red Hook Building Co Owner, LLC is Red Hook Building C MM LLC, whose members are Red Hook Building C Developer LLC and Jericho Red Hook Building C HDFC. The sole member of Red Hook Building C Developer LLC

is Joel Braver, a New York resident. The sole member of Jericho Red Hook Building C HDFC is The Jericho Project whose board of directors and officers consist of Michael J. Reed, Andrew Moss, and Kevin Dirkse, all New York residents.

17. Nominal Defendant Express Builders JB, Inc. ("Express Builders") is a New York corporation duly organized and existing under the laws of the State of New York, with its principal place of business located at 365 Flushing Avenue, Brooklyn, New York 11205.

18. Nominal Defendant Prime Structure, Inc. ("Prime") is a New York corporation duly organized and existing under the laws of the State of New York, with its principal place of business located at 670 Myrtle Avenue, Brooklyn, New York 11205.

19. Nominal Defendant Tzigil LLC ("Tzigil") is a limited liability company duly organized and existing under the laws of the State of New York, with its principal place of business located at 183 Wilson Street, Brooklyn, New York 11211. On information and belief, all members of Tzigil are New York residents.

20. Saucedo, Red Hook, Express Builders, Prime, and Tzigil are joined to this action solely as the interested parties over whom this Court has personal jurisdiction so that complete declaratory relief may be afforded to all parties who may potentially be affected.

## JURISDICTION AND VENUE

21. An actual justiciable controversy exists among the parties as to the scope and nature of the obligations of Plaintiff to Defendants under the insurance policies that Hiscox issued to RYC.

22. This Court has subject matter jurisdiction over this civil lawsuit under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of costs.

23. Venue is proper under 28 U.S.C. § 1391 because RYC has its principal place of business within this District, the Underlying Action is venued in this District, and the insurance policies at issue herein were issued and delivered within this District.

**FACTUAL BACKGROUND**

24. RYC submitted an Application for the Hiscox Policies prior to the inception date of January 23, 2023.

25. As part of the application process, Hiscox asked RYC: “What is your primary type of business?” to which RYC replied “project management.”

26. As part of the application process, Hiscox asked RYC: “Does your business perform any design, construction, installation, removal, or physical repair of any property or tangible good?” to which RYC replied “No.”

27. As part of the application process, Hiscox asked RYC, in relevant part: “Does your business provide any general contracting…construction management or advice…services?” to which RYC replied “No.”

28. At no time relevant to this matter did RYC advise Hiscox that it provided construction management or advice services, general contracting services, and/or perform any design, construction, installation, removal, or physical repair of any property or tangible good.

29. During its investigation of the Underlying Action, Hiscox learned that RYC’s response to each of the aforementioned questions was false.

30. In fact, RYC had entered into a written agreement to provide certain construction work, labor and services at the construction project where the alleged incident in the Underlying Action took place. A copy of the written agreement is annexed hereto as **Exhibit F**.

31. Hiscox also recently learned that RYC's website advertises that RYC is a "premier foundation drilling and ground improvement contractor" that specializes in "deep foundation systems, earth retention, and ground improvement for commercial, industrial and infrastructure projects." Screenshots from RYC's websites are annexed hereto as **Exhibit G**.

32. RYC's website also lists the services RYC provides, none of which are related to project management. Rather, RYC's services include "pile drilling," "augercast/CFA piles," "drilled displacement piles," "ground improvement," "rigid inclusions," "scant & tangent walls," "tie backs & rock anchors," "pile driving," and "excavation & soe."

33. Hiscox relied on the information RYC provided in the application process to properly quote and bind the Hiscox Policies.

34. The application states that Hiscox has relied on the accuracy of this information in order to issue the Hiscox Policies.

35. The information RYC provided in the application process was materially false and misleading.

36. The application summary is included as part of, and is incorporated by reference within, each Hiscox Policy.

37. The RYC Policies include the following condition:

> **Representations**
>
> By accepting this policy, you agree:
>
> a. The statement in the Declarations are accurate and complete;
>
> b. The statements are based upon representations you made to us; and
>
> c. We have issued this policy in reliance upon your representations.

38. Hiscox would not have issued the Hiscox Policies had RYC been truthful in the application process.

***The Underlying Action***

39. On May 20, 2025 Saucedo filed a New York Labor Law lawsuit styled *Jose Einer Vargas Saucedo v. Red Hook Building Owner, LLC and Express Builders JB Inc.* in the Supreme Court of the State of New York, Bronx County, alleging that on May 13, 2025, he was "performing work, labor and/or services" at 498 Columbia Street, Brooklyn, NY (the "Premises") when he was "caused by an excavator to be propelled to and precipitated down to the ground where he fell from an elevated height." A true and correct copy of the complaint is annexed hereto as **Exhibit H.**

40. In his complaint, Saucedo also alleges that RYC was a "sub-contractor hired to perform certain work at the Premises."

41. On March 9, 2026, Red Hook and Express Builders filed a third-party complaint against RYC, Prime, and Tzigil alleging, in relevant part, that on May 20, 2025, Saucedo was performing work on the Premises as an employee of RYC and that liability they may incur in the Underlying Action was caused by RYC's "active negligence, recklessness, acts or omissions or breach of duty and/or warranty and/or strict liability." A true and correct copy of the third-party complaint is annexed hereto as **Exhibit I**.

42. RYC has sought insurance coverage from Hiscox under the Fourth Hiscox Policy for the Underlying Action.

43. Hiscox is currently defending RYC with respect to the Underlying Action, subject to a reservation of rights.

**AS AND FOR A FIRST CAUSE OF ACTION**
**FOR DECLARATORY RELIEF (RESCISSION)**

44. Hiscox repeats, reiterates, and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

45. During the course of its investigation with respect to the Underlying Action, Hiscox learned that RYC made material misrepresentations and false statements during its application for the Hiscox Policies.

46. When applying for the Hiscox Policies, RYC materially misrepresented that it did not perform general contracting and/or construction management or advice services.

47. When applying for the Hiscox Policies, RYC materially misrepresented that it did not perform "any design, construction, installation, removal, or physical repair of any property or tangible good."

48. Hiscox would not have issued the same Hiscox Policies had RYC responded with the correct information during the application process.

49. Hiscox is entitled to rescind the Hiscox Policies based on RYC's material misrepresentations.

50. Hiscox will, upon adjudication by this Court of proper rescission, return the premium payments RYC made to it for the Hiscox Policies.

51. Hiscox is entitled to a declaration that Hiscox has no obligation to defend or indemnify RYC in connection with the Underlying Action.

52. Hiscox is entitled to a declaration that Hiscox has no future obligation to defend or indemnify RYC in connection with any other occurrence, claim, or suit that may arise under the Hiscox Policies.

53. Hiscox is entitled to a declaration that Hiscox has no obligation to defend or indemnify any potential additional insured in connection with the Underlying Action and/or any other occurrence, claim, or suit that has arisen or may arise under any of the Hiscox Policies.

54. As a result of RYC's conduct, Hiscox has been injured and has no adequate remedy at law.

**AS AND FOR A SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT**

55. Hiscox repeats, reiterates, and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

56. The Hiscox Policies each include a condition which states that, in accepting the policy, RYC acknowledges that Hiscox issued the policy in reliance on RYC's representations, and RYC warranted that such statements were accurate and complete.

57. RYC breached this condition by providing false and misleading information to Hiscox during the application process and accepting the Hiscox Policies.

58. As RYC materially breached the terms of the Hiscox Policies by making misrepresentations, Hiscox does not owe indemnity to RYC and/or to any purported additional insured for any occurrence, claim or suit that may arise under the Hiscox Policies, including but not limited to the Underlying Actions.

59. Hiscox is therefore entitled to damages for HYC's breach of contract.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment:

A. Declaring that the Hiscox Policies are void *ab initio*;

B. Declaring that Hiscox is not required to provide RYC a defense or indemnification in the Underlying Action (or any subsequently tendered matter from RYC involving the Hiscox Policies);

D. Awarding damages to Hiscox as this Honorable Court deems just and equitable; and

E. Providing such other and further relief as this Honorable Court deems just and equitable.

Dated: New York, New York
September 24,2026

**KENNEDYS CMK LLP**

______________________________

Laura B. Dowgin, Esq.
Attorneys for Plaintiff
*Hiscox Insurance Company, Inc.*
570 Lexington Avenue – 8th Floor
New York, New York 10022
(845) 422-9850
Laura.dowgin@kennedyslaw.com